ALMB 3 (Rev 12/2017)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re:

**Cassandra H. Williams**　　　　　　　　　　Case No. _____

Debtor(s)

# CHAPTER 13 PLAN

Date: 10/21/2022

☐ Check if Amended Plan

1. **NOTICES**

    1.1. Creditor Notices

**CREDITORS RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should carefully read this and the other documents sent to you and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION.** An objection to confirmation must be filed not later than seven days prior to the date fixed for the confirmation hearing. The document must state with particularity the grounds for the objection.

**PROOFS OF CLAIM.** Creditors must file a timely proof of claim to be paid under this plan. Confirmation of this plan does not bar the debtor, trustee, or a party in interest from objecting to a claim. Confirmation of this plan does not constitute the allowance or disallowance of the amount of the creditor's claim, but it does control how the claim will be paid under the plan.

| | | | |
|---|---|---|---|
| 1.1.1 | A limit on the amount of a secured claim which may result in a partial payment or no payment at all to the secured creditor, set out in paragraph 5.1. If the included box is checked, the plan must be served on the affected creditor. Rule 3012, F.R.Bankr.P. | ☒ Included | ☐ Not Included |
| 1.1.2 | Avoidance of a judicial lien or nonpossessory, non-purchase money security interest, set out in paragraph 6. If the included box is checked, the plan must be served on the affected creditor. Rule 4003, F.R.Bankr.P. | ☒ Included | ☐ Not Included |
| 1.1.3 | Nonstandard provisions, set out in paragraph 17. | ☒ Included | ☐ Not included |

2. **PAYMENT AND LENGTH OF PLAN**

    Debtor(s) shall pay **$275** per **Two Weeks** to the Chapter 13 Trustee beginning **11/22/2022**

    The length of the plan is **56** months. Other Plan Provisions:

    An income order shall be issued to Debtor's Employer:

3. **FILING FEES**

The filing fees as prescribed by Local Rule 1006-1 shall be paid as follows:

　　☐ Filing fee paid in full directly to the Clerk of Court with the petition

　　☐ Filing fee is being paid in installments directly to the Clerk of Court.

　　☒ Filing fee is being paid in installments through this plan as follows:

| | |
|---|---|
| Total Filing Fee | **$313.00** |
| Initial Installment paid with filing of petition: | **$10.00** |
| Remaining balance to be paid through Chapter 13 Plan: | **$303.00** |

4.  **ATTORNEY'S FEES FOR DEBTOR'S BANKRUPTCY COUNSEL**

The following attorney fees shall be paid through the debtor's plan payments:

| | |
|---|---|
| Total Attorney fee | **$3,750.00** |
| Amount paid by debtor directly to attorney prior to filing | **$65.00** |
| Net Attorney fee being paid through the Chapter 13 Plan disbursements | **$3,685.00** |

5.  **SECURED CLAIMS**

    5.1  **SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE PLAN LIMITS VALUE OF COLLATERAL**

    ☐ None

The remainder of this paragraph will be effective only if the applicable box in paragraph 1.1.1 is checked.

Pursuant to 11 U.S.C. §1322(b)(2), claims being paid under this section of the plan will be modified. For secured claims of creditors, unless ordered otherwise by the court, the plan provisions below control the value of the secured claim listed below. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in the proof of claim filed in accordance with the bankruptcy rules controls over any contrary amounts listed below. The debtor proposes that the Trustee make adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. §1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. §1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the Trustee. The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the Trustee's distribution process only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fixed under 28 U.S.C. §586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adequate Protection? Yes/No | Adequate Protection Payment | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| **Pentagon Federal** | **2017 Nissan Murano** | **$35,560** | **$22,000** | **6 %** | **NO** | **$220** | **$475** |
| | | | | | | | |

5.2  **SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE VALUE IS NOT MODIFIED**

The claims listed below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or (2) incurred within 365 days of the petition date and secured by a purchase money security interest in any other thing of value. The debtor proposes that the Trustee make adequate protection payments prior to the confirmation of this plan, pursuant to 11 U.S.C. § 1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. §1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the Trustee. The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the Trustee's distribution process and only after the timely filing of proofs of claim by such creditors. The Trustee shall receive the percentage fixed under 28 U.S.C. §586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, creditors' claim shall be paid its specified monthly plan payments on the terms and conditions listed below as required by 11 U.S.C. § 1325(a)(5). Claims being paid under this section of the plan will not be affected by 11 U.S.C. § 506 and will be paid pursuant to 11 U.S.C. § 1325(a)(5).

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adequate Protection? Yes/No | Adequate Protection Payment | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| | | $ | $ | **6 %** | | $ | $ |

## 6. LIEN AVOIDANCE

☐ None

The remainder of this paragraph will be effective only of the applicable box in paragraph 1.1.2 is checked.

The judicial liens or nonpossessory, non-purchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, upon entry of the order confirming the plan a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Rule 4003(d), Federal Rules of Bankruptcy Procedure. If more than one lien is to be avoided, provide the information separately for each lien. Transfer any remaining amount after avoidance to paragraph 5.1 for treatment as a secured claim.

| Information Regarding Judicial Lien or Security Interest | Calculation of Lien Avoidance | | Treatment of Remaining Secured Claim |
|---|---|---|---|
| **Name of Creditor**: **World Finance**<br><br>**Collateral**: **household furnishings & goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry held primarily for personal, family, household use; implements, professional books, tools of the trade; professionally prescribed health aids**<br><br>**Lien identification** (such as judgement date, date of lien recording, book and page number): **Non-Possessory, Non-Purchase Money Security Interest** | a. Amount of Lien | **$2,400** | Amount of secured claim after avoidance (line a minus line f)<br><br>**$**<br><br>Transfer this amount to paragraph 5.1 |
| | b. Amount of all other liens | **$** | |
| | c. Value of claimed exemptions | **$2,750** | |
| | d. Total of adding lines a, b, and c | **$5,150** | |
| | e. Value of Debtor's interest in property | **$2,750** | |
| | f. Subtract Line e from line d | **$2,400** | |
| | Extent of Exemption Impairment (Check applicable box)<br><br>**Line f is equal to or greater than line a.**<br>☒ The entire line is avoided. (Do not complete the next column)<br><br>**Line f is less than line a.**<br>☐ A portion of the lien is avoided Complete the next column) | | |

## 7. SURRENDERED PROPERTY

The debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any secured claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following surrender, if applicable, is field by such creditor.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|
| | | | |

## 8. CURING DEFAULTS

Pursuant to 11 U.S.C. § 1322(b)(5), the debtor shall cure defaults with respect to the creditors listed below. The trustee shall pay through this plan the allowed claims for arrearages at 100 %. Unless otherwise ordered by the Court, the amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The amount of arrearage listed herein is an estimate, and in no way shall this estimate limit what the trustee shall distribute to said creditor under this plan to cure the default.

| Creditor | Collateral Description | Amount of Arrearage | Interest Rate | Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## 9. DIRECT PAYMENTS

The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all 11 U.S.C. §1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral | Date Payment to Resume | Direct Payment Amount |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## 10. LONG-TERM DEBTS MAINTAINED THROUGH PLAN

The debtor proposes that the trustee maintain the following long term debts through the plan. Prior to confirmation of this plan, the trustee shall make adequate protection payments to all the following long term creditors indicated below. The trustee shall commence making such payments to creditors holding allowed secured claims consistent with the trustee's distribution process and only after the timely filing of proofs of claims by such creditors. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all payments. Upon confirmation of this plan, said long term creditors will receive payments as set out below along with the payment of the debtor's attorney's fees. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c), Federal Rules of Bankruptcy Procedure, or any notice of payment change filed thereafter under Rule 3002.1(b), Federal Rules of Bankruptcy Procedure, control over any contrary amounts listed below as to the current installment payment. In the absence of a contrary claim timely filed, the amounts stated below are controlling.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## 11. DOMESTIC SUPPORT OBLIGATIONS

  None

## 12. PRIORITY CLAIMS (Excluding Domestic Support Obligations)

The debtor will pay all priority claims including the following pursuant to 11 U.S.C. § 507 unless a claimant expressly agrees otherwise. See 11 U.S.C. § 1322(b)(10).

| Claimant | Type of Priority | Interest Rate (if applicable) | Scheduled Amount | Monthly Payment |
|---|---|---|---|---|
| **Internal Revenue Service** | **Taxes** | **4 %** | **$900** | **$20** |

## 13. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Executory contracts and unexpired leases receive the following designated treatment. For all executory contracts and unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation 11 U.S.C. § 1326 adequate protection payments directly to the lessors pursuant to the terms of the contracts. For all contracts assumed, following the confirmation of the debtor's plan the debtor shall continue to make all payments directly to the creditors pursuant to the terms of the contracts. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to rejected contracts or leases. Any claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following rejection, if applicable, is filed by such creditor.

| Creditor | Collateral Description | Reject | Assume |
|---|---|---|---|
|  |  |  |  |

ALMB 3 (Rev 12/2017)

## 14. SPECIALLY CLASSIFIED UNSECURED CLAIMS

The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt | Amount of Debt to be Specially Classified | Interest Rate | Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## 15. UNSECURED CLAIMS

 POT Plan: Allowed non-priority unsecured claims shall be paid through pro rata participation of **$1,000** for the benefit of unsecured creditors, or until all allowed claims are paid in full.

If the selected plan's dividend to unsecured creditors is less than 100%, the debtor proposes to pay to the trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by 11 U.S.C. § 1325(b)

## 16. OTHER PLAN PROVISIONS

(a) Lien Retention: Allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this plan unless specified in paragraph 6.

(b) Vesting of Property of the Estate:

 Property of the estate shall remain property of the estate subsequent to confirmation of this plan.

All property of the estate, whether it remains in the estate or revests with the debtor upon confirmation of the plan, shall remain in the debtor's possession and control. Subject to the requirements of 11 U.S.C. § 363, the debtor shall have use of property of the estate.

(c) Direct Payments by Debtor: Secured creditors and lessors to be paid directly by the debtor may continue to mail to the debtor the customary monthly notices or coupons notwithstanding the automatic stay.

## 17. NONSTANDARD PROVISIONS

☐ None

Under Rule 3015(c), Federal Rules of Bankruptcy Procedure, nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in or deviates from this plan. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if "Included" is selected in paragraph 1.1.3

**17-0    Statement of Amendments from Prior Plan**

☐ This is an amended plan, being the **Choose an item.** amended plan.

If this is an amended or modified plan, the following items from the prior plan have been changed:

**17-1.    Important Notice to Judgement Creditors**

Judgement creditors with recorded judgements who file a proof of claim as unsecured shall be judicially estopped from enforcing any non-avoided judicial lien after discharge is entered in this case. Any judgement creditor covered by this provision shall be deemed to have released any judicial lien upon discharge being entered in this case, and in the absence of a Court order, the following documents collectively may be recorded as evidence of a release of any such judicial lien: Bankruptcy petition, schedules and statement of affairs; Chapter 13 Plan; Order confirming plan; Proof of Claim filed by any such creditor; Motion for Discharge; and the Chapter 13 Discharge order.

17-2.    Any creditor holding a claim secured by property which is removed from the protection of the automatic stay after confirmation of this plan, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the chapter 13 trustee, unless an itemized proof of claim for any deficiency is filed after the removal of the property from the protection of the automatic stay.  Any such

ALMB 3 (Rev 12/2017)

deficiency claim shall be paid as an unsecured claim in accordance with Paragraph 15, and failure to file a proof of claim for a deficiency shall cause any deficiency to be discharged upon entry of discharge in this case.

17-3. Unless otherwise ordered by the Court, if debtor has a pre-petition (or acquires a post-petition) claim or cause of action against another, or reason to sue someone else, or is a member of a class action lawsuit, debtor pledges the net, non-exempt proceeds of any such claim, lawsuit, cause of action, etc. to the trustee to the extent necessary to comply with 11 U.S.C. § 1325(a)(4) and 11 U.S.C. § 1325(b)(1)(B).

17-4. The debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001, Federal Rules of Bankruptcy Procedure, and furthermore reserves any and all claims, causes of action, offsets, recoupments or defenses the debtor(s) may have with respect to any such claim. The debtor also reserves to the estate of the debtor(s) all claims or causes of action he or it may have, could have or might have based on any claim filed with the Court in this case by any original creditor, assignee, purchaser, agent or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver or release of any such claims or causes of action.

17-5. Confirmation of this plan shall not prejudice the rights of the debtor or the trustee to bring actions to avoid liens or to avoid and recover transfers.

17-6. **UTILITY SERVICE**

a. If debtor has included a debt for pre-petition utility service, debtor proposes to make the following security deposits within 20 days of the filing of the bankruptcy petition herein, as required by 11 U.S.C. § 366:

| Utility | Proposed Security Deposit | Other Provisions |
|---|---|---|
|  |  |  |

b. [This provision does not apply to debtors that do not have current utility service] Unless debtor provides for making a new security deposit for utility service in paragraph 10.a. above, the following provision shall apply: "Debtor desires to continue to pay pre-petition and post-petition utility service debt in the ordinary course of business in lieu of posting a deposit as adequate assurance of future payment under Section 366 of the Bankruptcy Code. Debtor acknowledges and agrees that the automatic stay does not bar a utility's efforts to collect pre-petition and post-petition utility service debt."

c. Providing for the payment of a secured appliance debt through this Chapter 13 Plan shall not, in and of itself, entitle a utility to demand adequate assurance of future performance under 11 U.S.C. § 366.

17-7. Notwithstanding any contrary language elsewhere in the plan, debtor does not seek through the confirmation and consummation of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is nondischargeable in a Chapter 13 case pursuant to 11 U.S.C. § 1328.

17-8 Nothing in this Plan shall relieve creditors, agents, attorneys, loan servicing companies, assignees, or debt collectors from complying with all applicable bankruptcy and non-bankruptcy laws, rules or regulations, or contractual obligations.

17-9. **Rule 3002.1 (e) Items**. Upon motion and a hearing, Notices filed pursuant to Rule 3002.1(e), Federal Rules of Bankruptcy Procedure, for reasonable fees, expenses or charges in connection with reviewing the plan and/or filing a proof of claim shall be deemed a proof of claim, and shall be paid as a cure of the pre-petition default as provided in this paragraph. Debtor makes the following conditional provisions for payment of any such Rule 3002.1(e) amounts, reserving the right to seek determination of the reasonableness of any such charges:

| Creditor | Rule 3002.1(e) Noticed amounts for reasonable fees, expenses or charges in connection with reviewing the plan and/or preparing and filing proof of claim | Specified Monthly Payment |
|---|---|---|
|  |  |  |

Upon motion and a hearing, Notices filed pursuant to Rule 3002.1(e), Federal Rules of Bankruptcy Procedure, for reasonable fees, expenses or charges other than for filing a proof of claim, shall be deemed a proof of claim herein and, in the absence of a modified plan or court order, such fees, expenses or charges shall be paid as a cure of post-petition default as follows: such amount shall receive a specified monthly payment in an amount sufficient to pay such amount over the remaining term of this plan with the specified monthly payment not being less than $5.00.

**17-10. Authorization for Direct Communication for Mortgage Loan Modification Requests**

Should debtor(s) request that a creditor modify the terms of a real estate mortgage, any such creditor is authorized to communicate directly with debtor(s) concerning any such modification process, including, but not limited to: negotiating the terms of a loan modification; requesting information and documentation necessary for the loan modification process; execution of any documents necessary for a loan modification; and any other communications necessary for the modification process.

**17-11. RESPA, Dodd-Frank Act, Other Notices**

Notwithstanding the automatic stay, confirmation of this plan authorizes mortgage lenders/holders/servicers to send any and all notices, letters, statements, information, or any other communications of any nature required to be provided by RESPA, the Dodd-Frank Act, or other federal or state laws directly to the debtor(s). Debtor's attorney is not authorized to receive on behalf of the debtor any such notices, letters, statements, information or other communications, and any such notices, letters, statements, information or other communications sent only to debtor's attorney shall be deemed not in compliance with the requirements of RESPA, the Dodd-Frank Act, or other federal or state laws.

**18. SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY**

If the debtor does not have an attorney, the debtor must sign below. If he or she does have an attorney, the debtor's signature is optional. The debtor's attorney, if any, must sign below.

**/s/ Cassandra H Williams**
_____     _____
Signature of Debtor                                                                          Signature of Joint Debtor

Executed on 10/21/2022                                               Executed

**/s/ Earl Gillian, Jr.**
_____
Signature of Attorney for Debtor(s)

Executed on 10/21/2022

By filing this document, the debtor and his or her attorney (if applicable) certify that the wording and order of the provisions in this chapter 13 plan are identical to those contained in ALMB Local Form 3, other than any nonstandard provisions included in paragraph 17.